# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SMARTSIGNAL CORPORATION, a Delaware Corporation, | ) ) ) |
| Plaintiff, | ) ) Case No. 02 C 7682 |
| v. | ) ) Judge Virginia M. Kendall ) |
| EXPERT MICROSYSTEMS, INC., a California Corporation, | ) Magistrate Judge ) Martin C. Ashman ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant and Counter Plaintiff, Expert Microsystems, Inc. ("EM"), moves this Court to strike an affirmative defense raised by Plaintiff and Counter Defendant, SmartSignal Corp. ("SSC"). This matter comes before this Court pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1. For the reasons that follow, EM's motion is denied.

### I. Background

SSC sued EM for infringement of U.S. Patent No. 4,937,763 ("the '763 patent"). As a separate affirmative defense and a separate declaratory judgment counterclaim, EM pled that it is not liable for infringement of the '763 patent because its infringement was permitted by its contract with the United States Department of Energy ("DOE") and was therefore done with

"United States governmental authorization and consent," per 28 U.S.C. § 1498(a) ("Section 1498(a)"). (EM.'s Am. and Suppl. Counter Cl. at 13.) Section 1498(a) states:

> Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture.

\* \* \*

> For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation *for the Government and with the authorization or consent of the Government, shall* be construed as use or manufacture for the United States.

\* \* \*

28 U.S.C. § 1498(a) (emphasis added).

SSC challenges EM's Section 1498(a) claim by raising the affirmative defense of fraud. Specifically, SSC argues that EM's DOE contract is not valid because EM committed fraud on the DOE when EM (1) fraudulently misrepresented the amount of research effort that it would provide in order to meet the DOE minimum required to obtain the DOE contract, (2) fraudulently misrepresented that it would provide $30,000 of "in-kind" contributions, when, in fact, it intended to provide, and actually provided, none, (3) fraudulently misrepresented to the DOE some of the "in-kind" cost sharing provided by a third-party, Electric Power Research Institute ("EPRI"), and failed to disclose that, in fact, EPRI was funneling money to EM from a separate program being independently funded by the DOE, (4) fraudulently misrepresented the remainder

of EPRI's contribution as "in-kind," and failed to disclose that it really constituted license fees for the commercial software previously developed by EM, and (5) improperly used DOE approved research money to pay off its own minimum royalty commitments to Argonne National Laboratory ("ANL") for use of the technology that EM acquired from ANL and used in its previously developed commercial software product. (SSC's Br. at 5.) EM moves this Court to strike SSC's affirmative defense of fraud on the grounds that (1) SSC lacks standing to raise the issue of fraud because it was not a party to the DOE contract, and (2) there is no allegation that SSC, or anyone, has been injured as a result of EM's alleged fraud. (EM's Br. at 2-3.)

## II. Discussion

A nonparty to a contract ordinarily lacks standing to object to the legality of that contract, unless the nonparty is hurt by the agreement. *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261 F. Supp. 2d 1002, 1006-07 (N.D. Ill. 2003) (Posner, J. sitting by designation). Similarly, where plaintiff is subject to a consent decree and defendant is not, defendant lacks standing to enforce the consent decree defensively if it has not otherwise been made part of the case. *Int'l Bus. Machs. Corp. v. Comdisco, Inc.*, 834 F. Supp. 264, 267 (N.D. Ill. 1993). In this case, EM invokes its purportedly valid DOE contract and Section 1498(a) as part of a counterclaim and motion for declaratory judgement in an attempt to deprive SSC of certain patent rights it now claims for itself. Forced to defend against EM's attack, SSC is essentially a defendant with regard to this matter (i.e., a counter defendant) and must have standing to challenge the merits of EM's counterclaims. *See Wynn v. Carey*, 599 F.2d 193, 196 (7th Cir.

1979) (standing doctrine applies only to plaintiffs); *United States v. Sidley Austin Brown & Wood LLP*, No. 03 C 9355, 2004 WL 905930, at *1 (N.D. Ill. April 28, 2004) ("Under normal circumstances, a defendant need not show an injury to be a party to a case . . . .").

Fairness demands that a third-party such as SSC be allowed to challenge the validity of a contract once a party to the contract makes it an issue in the case. In *O'Neill v. DeLaney*, for example, plaintiff claimed that he acquired title to a valuable painting by virtue of a valid contract with defendant's husband and moved for a declaratory judgment that he was the owner of the painting. 415 N.E.2d 1260, 1262 (Ill. App. Ct. 1980). When defendant challenged the validity of the original contract, plaintiff argued that defendant was a third-party to the sale contract and, therefore, lacked standing to challenge its validity. *Id.* at 1264-65. The *O'Neill* Court rejected plaintiff's standing argument and found that "[b]y commencement of this action, plaintiff has made the validity of this contract an issue and defendant had a right to challenge that proposition. Moreover, defendant . . . has a significant and direct interest in the validity of the contract." *Id.* at 1265. Persuaded by *O'Neill*, the Court finds that SSC may challenge the validity of the DOE contract as EM made the DOE contract an issue in this case and SSC has a significant interest in its validity.

Denying EM's motion also makes sense in the specific context of Section 1498(a). By raising a Section 1498(a) counterclaim, EM assumed the burden of establishing that its DOE contract is actually covered by the statute, *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1383 (Fed. Cir. 2002), and SSC is permitted to attack that claim. In *Madey v. Duke Univ.*, plaintiff sued for patent infringement and argued, among other things, that defendant's Office of Naval Research grant—to which plaintiff was not a party—did not qualify as a government contract

under Section 1498(a). 307 F.3d 1351, 1359 (Fed. Cir. 2002). The district court assumed that the grant was covered, at least in part, by Section 1498(a) and dismissed that portion of plaintiff's claim. *Id.* On appeal, the Federal Circuit found that it is error to dismiss a challenge to Section 1498(a) without first assessing whether the contracts and grants at issue are actually covered by Section 1498(a), and reversed the district court. *Id.* at 1359-60. Thus, it appears that courts must permit third-party challenges to contracts allegedly covered by Section 1498(a).

In this case, SSC accuses EM of committing fraud in the procurement of the DOE contract. (SSC's Br. at 5.) Where fraud is used from the outset to procure a government contract, the contract is void *ab initio*, not merely voidable. *J.E.T.S., Inc. v. United States*, 838 F.2d 1196, 1200 (Fed. Cir. 1988). It follows that, if SSC's allegations are true, the DOE contract may be void *ab initio* and EM may not prevail on its Section 1498(a) counterclaim. Based on the facts of this case and the case law cited above, the Court must give SSC an opportunity to challenge the validity of EM's counterclaim and the validity of the DOE contract.

### III. Conclusion

For the reasons stated above, EM's motion is denied.

**ENTER ORDER:**

_____
MARTIN C. ASHMAN
United States Magistrate Judge

Dated: May 12, 2006.

Copies have been mailed to:

| | |
|---|---|
| STEVEN C. SCHROER, Esq. | KEITH P. SCHOENEBERGER, Esq. |
| CHRISTINE A. ABUEL, Esq. | LeBoeuf, Lamb, Greene & MacRae, L.L.P. |
| Fitch, Even, Tabin & Flannery | 180 North Stetson Avenue |
| 120 South LaSalle Street | Chicago, IL 60601 |
| Suite 1600 | |
| Chicago, IL 60603 | MARK L. PETTINARI, Esq. |
| | Law Offices of Mark L. Pettinari |
| | 155 Samsome Street |
| | Suite 400 |
| | San Francisco, CA 94104 |
| Attorneys for Plaintiff | Attorneys for Defendant |